# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00167-CR

**David Ronald Tate, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 65253, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant David Ronald Tate pleaded guilty to the offense of assault causing bodily injury with family violence, which was enhanced with a prior family violence assault offense. *See* Tex. Penal Code Ann. § 22.01 (West 2011). Pursuant to a plea agreement, Tate was placed on probation for ten years. Subsequently, the State filed a motion to revoke his probation, alleging that Tate had violated several terms and conditions of his community supervision. Tate pleaded not true to the alleged violations. Following a hearing, the district court found the allegations to be true, adjudicated Tate guilty of assault causing bodily injury with family violence, and sentenced him to nine years' imprisonment. This appeal followed.

At the hearing on the motion to revoke Tate's probation, the district court heard testimony from several witnesses. The evidence tended to show that on or about September 22,

2011, Tate physically assaulted his girlfriend, Cynthia Staples. Staples testified that Tate arrived at her sister-in-law's house, threw her clothes in the yard, and then, after she threatened to call the police, assaulted her by punching her, kicking her while she was on the ground, and dragging her along the ground. While Tate denied Staple's version of events, additional evidence corroborated Staples's account, including testimony from the police officer who first arrived at the scene, and contemporaneous police photographs, which revealed cuts, scrapes and bruises on Staples's body. Additional evidence tended to show that Tate had also violated the terms of his probation by twice testing positive for cocaine, missing his probation meeting in May 2011, and failing to make certain required payments.

Tate's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Tate was mailed a copy of counsel's brief and advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed:   August 15, 2012

Do Not Publish